**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**BEVERLY RUDD**                                                                                          **PLAINTIFF**

**v.**                                            **CASE NO. 4:05-CV-1656**

**KEITH MOSSMAN, and**
**KROGER COMPANY**                                                                             **DEFENDANTS**

## ORDER

Presently before the Court is the Plaintiffs' Motion to Remand. This case was removed to the Eastern District on the basis of federal diversity jurisdiction. Plaintiffs argue that the parties lack complete diversity of citizenship and that remand to the Circuit Court of Pulaski County, Arkansas is proper here. Defendants counter that the resident Defendant, Keith Mossman, was fraudulently joined in this action for the sole purpose of defeating federal diversity jurisdiction.

"Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). "But there need only be a possibility that a right to relief exists under the law to avoid this conclusion, and all ambiguities in state law are to be resolved in favor of plaintiff." *Kohl v. American Home Products Corp.*, 78 F.Supp.2d 885, 889 (W.D. Ark. 1999) (*citing Barnes v. Southwestern Bell Telephone Co.*, 596 F.Supp. 1046 (W.D. Ark.1984)).

Plaintiff filed the Complaint in this case on October 10, 2005 in the Circuit Court of Pulaski County, Arkansas, seeking relief under the Arkansas Civil Rights Act of 1993, and alleging, *inter alia*, "Defendants discriminated against Plaintiff on the basis of her gender and in retaliation for opposing unlawful employment actions based on gender" (Dkt. #2, ¶ 19). On November 2, 2005,

Defendants removed this case to this Court on the ground that "all properly joined parties are citizens of different states." (Dkt. #1, ¶ 3).

Defendants oppose remand on the ground that Defendant Mossman cannot be held liable under the Arkansas Civil Rights Act and therefore cannot be a Defendant in Plaintiff's discrimination claim. The Court disagrees.

The relevant portion of the Arkansas Civil Rights Act is Ark. Code Ann. § 16-123-108(a), which provides:

> No person shall discriminate against any individual because such individual in good faith has opposed any act or practice made unlawful by this subchapter or because such individual in good faith made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

There appears to be some conflict in the interpretation of this statute, as some courts limit the meaning of "person" to the claimant's "employer", while other courts read it more broadly and allow "person" to include any individual who engages in discriminatory retaliation. *See*, *e.g.*, *Vineyard v. EWI, Inc.*, 4:02-CV-609-GTE (E.D. Ark. Dec. 16, 2002) (Eisele, J.); *Sparr v. Ward*, 4:00-CV-717-WRW (E.D. Ark. Oct. 7, 2003) (Wilson, J.). The question at the heart of this dispute is whether the prohibition against retaliation under § 16-123-108 overlaps with the general prohibition against discrimination outlined in § 16-123-107. Put simply, is § 16-123-108(a) simply a reiteration of § 16-123-107(a)(1)? If so, then § 16-123-107(c)(1)(a) applies to § 16-123-108(a), and a claimant may only bring an action for retaliation against her employer. However, such an interpretation appears to nullify the language of § 16-123-108(c), which states "[t]he remedies and procedures available in § 16-123-107(b) shall be available to aggrieved persons for violations of subsections (a) and (b) of this section." This language seems to support the position that the Arkansas Civil Rights Act provides separate causes of action and separate relief for retaliation claims and for discrimination

claims, in which case, "person" may be read more broadly than "employer".

The Court need not resolve this question here because the standard requires only that the Court determine whether there is "a possibility that a right to relief exists under the law". As it appears that such a possibility does exist, the Court must find that the joinder here of Defendant Mossman was not fraudulent.

IT IS THEREFORE ORDERED that the Plaintiff's Motion to Remand (Dkt. #5) be, and it is hereby, GRANTED. This case is hereby remanded to the Circuit Court of Pulaski County, Arkansas.

Dated this  16th  day of December, 2005.

                                              /s/Garnett Thomas Eisele  
                                             UNITED STATES DISTRICT JUDGE